LOUISVILLE & NASHVILLE R. CO. v. SAMUEL C. ROTHWELL.

**Damages—Negligence—Instructions—Burden of Proof.**

Where a suit is prosecuted against a railroad company for killing a horse, the defendant is liable for the damages, where the animal was injured or killed by the negligence or carelessness of those in charge of the train; and where the killing is admitted, the burden is on the defendant to prove that the killing was not caused by such negligence or carelessness.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

January 18, 1878.

OPINION BY JUDGE COFER:

Errors numbered 1, 2, 3 and 6 are sufficiently explicit and are in proper form, but numbers 4, 5 and 7 are not. Instructions 1 and 3, given by the court, the former on motion by the appellee and the latter by the court of its own motion, are erronneous.

The only question submitted to the jury in No. 1 was whether the plaintiff's mare was killed by the defendant's locomotive or cars, and they were told that if they believed she was so killed they should find for the plaintiff. They should have been told that the killing of the mare was admitted, and they should find for the plaintiff her fair value, unless on all the evidence they believed the killing was not caused by the negligence or carelessness of those in charge of the train, and that the burden was on the defendant to prove that the killing of the mare was not caused by such negligence or carelessness.

In No. 3 the court erroneously undertook to assess the value of the mare by directing the jury, in case they found for the plaintiff, to find the sum of $125. The question of value should have been left to the jury. No. 2, given for the defendant, was erroneous and inconsistent with No. 1, given for the plaintiff, in that it cast upon the plaintiff the burden of proving negligence and carelessness. Instructions 5, 6 and 7,.asked by the defendant, were properly refused. The law as it existed at the time the cases cited as sustaining those instructions were decided has been changed by statute.

There is no sufficient assignment of errors to raise the question whether the proceedings before the justice and by the appraisers appointed by him were legal or not, or whether those proceedings were admissible as evidence; but as the case must be reversed for the errors already indicated, it is proper that we should say that under that statute the notice to the agent of a railroad company should give him a reasonable opportunity to be present, and that a notice of an application to be made on the day on which the notice is served should state the hour when the application will be made, and the place where it will be made, and the return should state the hour of the service, that it may appear from the notice and return what time was allowed, and that the application was not made before the agent had a reasonable time in which to be present, and also that the proceeding for valuation should not be allowed to go

to the jury as evidence, but should be presented to the court after verdict, when, if it appears that the proceedings are valid, and that the amount found by the jury is equal to the valuation, judgment should be rendered as directed by the statute.

The notice and all the proceedings for valuation were had on the same day, without designating the hour, and the agent could not have known when the notice was served, but that the valuers had already been appointed, and as no place at which the application would be made was designated, the whole proceeding should be rejected as invalid.

· Judgment *reversed* and cause remanded for a new trial.

G. W. *Dunlap, for appellant.* John A. *Anderson, for appellee.*